IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JEFFREY CURTIS GHOLSON, | |
| Petitioner, | CIVIL ACTION NO.: 2:19-cv-12 |
| v. | |
| WARDEN LINDA GETER, | |
| Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner Jeffrey Gholson ("Gholson"), who is currently incarcerated at the Federal Correctional Complex-Medium in Coleman, Florida, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas while he was housed at the Federal Correctional Institution in Jesup, Georgia. Docs. 1, 3. Respondent filed a Return on the Show Cause Order, Gholson filed a Response, Respondent filed a Reply, and Gholson filed a Surreply. Docs. 8, 9, 11, 13. For the reasons which follow, I **RECOMMEND** the Court **DENY** Gholson's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Gholson *in forma pauperis* status on appeal.

### BACKGROUND

Gholson was arrested on August 3, 1992, by Florida authorities. On August 7, 1992, Gholson was removed from state custody via a writ of habeas corpus *ad prosequendum*. Doc. 8-1 at 3. Gholson was sentenced in the District Court for the Middle District of Florida for bank robbery to a 188-month sentence on February 4, 1993. He was returned to state custody on February 5, 1993. Id. A judge in Hillsborough County, Florida, sentenced Gholson to 30 years'

imprisonment on May 24, 1993, for felony uttering, forgery, petit theft, grand theft, kidnapping, and robbery. Id. In addition, Gholson received a two-year consecutive sentence on March 4, 1997, in Jackson County, Florida, and a five-year concurrent sentence in Gulf County, Florida, on May 1, 2007, both for battery of a law enforcement officer. Id. On November 10, 2016, Gholson was released from state custody to begin service of his 188-month federal sentence. Id. at 4. Because the sentencing judge in Gholson's federal sentence did not order his federal sentence to be served concurrently with any state sentence, the Bureau of Prisons ("BOP") calculated Gholson's federal sentence as being consecutive to his state sentence. Id. Gholson has a projected release date of June 27, 2030, via good conduct time release. Id.

## DISCUSSION

In his Petition, Gholson contends he was arrested for bank robbery on August 3, 1992, by local police who were assisting the Federal Bureau of Investigation ("FBI"). Doc. 1 at 2. Gholson notes he did have state arrest warrants pending against him at that time, but the arrest warrants were not executed then. According to Gholson, he was under arrest for federal bank robbery charges on August 3, 1992, yet federal authorities were under the mistaken belief he was not under primary federal custody. Id. at 2–3. As a result, a federal court mistakenly issued a writ of habeas corpus *ad prosequendum*. Gholson maintains his federal sentence began on February 4, 1993, the date it was imposed, because he was in primary federal custody. Id. at 3. Gholson contends his federal sentence should have ended around 2011 or 2012, and he should not have been taken into federal custody after his state sentences expired on November 10, 2016. Id. at 5. Gholson asks this Court to end his allegedly illegal incarceration.[1] Id. at 6.

---

[1] Gholson raised identical issues in Gholson v. Flournoy, Case Number 2:17-cv-47. Then Magistrate Judge R. Stan Baker recommended the Court dismiss without prejudice Gholson's petition because he failed to exhaust his administrative remedies. In the alternative, Judge Baker addressed the merits of Gholson's petition and recommended the Court, if it did not adopt his findings on exhaustion,

Respondent asserts Gholson's sentence commenced on November 10, 2016, the date he was "received in custody for transportation to a [BOP] facility." Doc. 8 at 11. Respondent notes the United States Marshals Service returned Gholson to Florida custody the day after he was sentenced in federal court, and he was in primary state custody beginning on August 3, 1992, as State of Florida officials first arrested him. Id. at 11–12. Gholson's temporary transfer to federal custody, Respondent asserts, did not divest Florida of custody. Id. at 12. Moreover, since the sentencing judge in Gholson's federal sentence did not order that sentence to run concurrently with his state sentence, his federal sentence was to run consecutively to his state sentence. Id. at 13. Respondent contends the BOP properly calculated Gholson's sentence in these circumstances. In addition, Respondent asserts Gholson petitioned the sentencing court on three occasions to issue an extraordinary writ to credit his federal sentence for time served, and the sentencing court denied Gholson's requested relief in all three instances. Id. at 2; Doc. 8-2. Further, Gholson asked the BOP to retroactively designate the state institutions as the place he served his federal term of imprisonment, (i.e., a *nunc pro tunc* designation), and the BOP denied this request. Doc. 8 at 6; Doc. 8-1 at 104.

---

deny Gholson's petition because Gholson already had the vast majority of the time he served in state prison credited against his state sentences, meaning the time could not be credited against the federal sentence, and the Bureau of Prisons ("BOP") did not abuse its discretion when it denied Gholson's request to have his state facility of incarceration designated as the place where his federal sentence would be served. R. & R., Gholson v. Flournoy, 2:17-cv-47 (S.D. Ga. Oct. 20, 2017), ECF No. 16, pp. 8–19. Judge Baker noted, however, the record was unclear about whether six days of Gholson's prior custody were credited against his state sentence and the Court would need additional briefing to resolve the issue, if the Court reached the relative merits of Gholson's claims. Id. at p. 2. The Honorable Lisa Godbey Wood adopted this Report and Recommendation as the opinion of the Court on the exhaustion issue only, over Gholson's objections. Ord., Gholson v. Flournoy, 2:17-cv-47 (S.D. Ga. Jan. 22, 2018), ECF No. 21.

I.      **Whether Gholson Is Entitled to Credit Against His Federal Sentence**

A.      **The Date Gholson's Federal Sentence Commenced**

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant "for any time he has spent in official detention prior to the date the sentence commences." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). "A federal district court reviews for abuse of discretion the BOP's decision under [18 U.S.C.] § 3585 regarding commencement of a federal sentence and the grant of credit for prior custody." Paradis v. Keller, No. 1:10-CV-2354, 2011 WL 2790480, at *4 (N.D. Ga. June 13, 2011), *report and recommendation adopted*, 2011 WL 2790472 (N.D. Ga. July 14, 2011). To determine whether the BOP properly calculated when Gholson's federal sentence commenced, the Court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585 of Title 18 of the United States Code, which pertains to "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or

     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

  that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

  Here, Gholson was arrested on state charges by State of Florida authorities for uttering a forged instrument, forgery, petit theft, robbery, and kidnapping in Case Numbers 92-CF-009797-A and 92-CF-010179-A on August 3, 1992, and was sentenced as a habitual felony offender to 30 years' imprisonment on May 24, 1993.  Doc. 8-1 at 16, 21, 23, 28, 67; see also Doc. 11-1 at 6–7.  Gholson was transferred to secondary federal custody via a writ of habeas corpus *ad prosequendum* on August 7, 1992.  Doc. 11-1 at 11–12.  Gholson was sentenced in federal court on February 4, 1993, to serve a 188-month sentence, with no mention of his state sentence.  Doc. 8-1 at 10–14; Doc. 8-2 at 2.  On February 5, 1993, Gholson was returned to the State of Florida to face state charges; he was sentenced to a total of 32 years' imprisonment,[2] beginning on May 24, 1993, and his state sentences expired on November 10, 2016.[3]  Doc. 8-1 at 2–4, 71.  The BOP computed Gholson's sentence as commencing on November 10, 2016, the date Gholson was received into primary federal custody for service of his federal sentence.  Id. at 4; § 3585(a).  The BOP committed no error and did not abuse its discretion in determining Gholson's federal sentence commenced on November 10, 2016, the date he was in exclusive federal custody.

---

[2]  This 32-year term also includes Gholson's convictions and sentences for battery of a law enforcement officer in 1997 and 2007.  Doc. 8-1 at 3.  Gholson's combined 32-year sentence under Florida law was comprised of his 30-year term for uttering, forgery, petit theft, grand theft, kidnapping, and robbery, as well as his 2-year consecutive and 5-year concurrent sentences for his two convictions for battery of law enforcement officers.  Id. & at 71.

[3]  It appears Gholson's 32-year state sentence was reduced by 2,821 days of "gain time" he accrued during his incarceration in state facilities.  Doc. 8-1 at 70–71.  Gholson actually accrued 3,785 days' gain time but forfeited 964 days due to disciplinary actions.  Id. at 71.

### B. Calculation of Credit Against Gholson's Federal Sentence

In determining the proper credit, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." § 3585(a).

Gholson's federal sentence did not commence on August 3, 1992, the date he was arrested by Florida authorities, or on May 24, 1993, the date he was sentenced in his first state case.[4] Gholson's federal sentence also did not commence when he was in secondary federal custody on August 7, 1993, under a writ of habeas corpus *ad prosequendum.* See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (A writ of habeas corpus *ad prosequendum* is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); see also Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) ("'[I]if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'"). Gholson was released back to the primary

---

[4] Gholson admits he was arrested by State of Florida authorities, yet he claims these state officials were assisting the FBI and he was in the "primary custody" of the federal government. Doc. 1 at 2, 3. However, Gholson offers nothing to show the State of Florida did not have jurisdiction over him. Taylor v. Tiff, No. 3:10cv292, 2010 WL 4342300, at *3 n.5 (N.D. Fla. Aug. 26, 2010) (Generally, "the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration.") (citations omitted). In fact, State of Florida law enforcement officials arrested Gholson for nine different state charges on August 3, 1992, and, thus, had primary jurisdiction over him. Doc. 11 at 2; Doc. 11-1 at 5, 6, 11.

custody of the State of Florida on February 5, 1993, and his state sentences expired on November 10, 2016.  Doc. 8 at 12; Doc. 8-1 at 4; Doc. 11-1 at 3.  He was then in exclusive federal custody starting on November 10, 2016.  Doc. 8 at 12.  He received credit against his state sentence for 288 days of prior custody and an additional 6 days against his federal sentence for time not credited against his state sentence.  Doc. 8-1 at 4, 7.  To be clear, Gholson received 288 days' credit against his state sentence from August 3, 1992, the date of his arrest by state authorities, to May 24, 1993, the date he was sentenced in Florida state court.  Doc. 8 at 17; Doc. 8-1 at 60, 113.  Once Gholson filed an administrative remedy request regarding his sentence computation, the BOP credited him with an additional six days' time, as he had not received credit against his state sentence for time between August 3 through 8, 1992.  Doc. 8 at 17; Doc. 8-1 at 81, 113–14 (noting Gholson was in custody of the State of Florida for 294 days, yet he was only credited with 288 days' credit against his state sentence).

Gholson seemingly also argues the BOP miscalculated the commencement date of his federal sentence because the state sentence and federal sentence should have run concurrently, not consecutively.  See Doc. 3 at 4–5.  "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993); 18 U.S.C. § 3584(a).  It appears the Circuit Court of Hillsborough County ordered Gholson's sentence in Case Number 92-10179 to run concurrently with his federal sentence.  Doc. 8-1 at 60.  However, the authority to order a federal sentence to run concurrently with or consecutively to any other sentence rests solely with the federal sentencing court.  See United States v. Andrews, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003); Finch v. Vaughn, 67 F.3d 909 (11th Cir. 1995) ("We specifically have held that a federal court is authorized to impose a federal sentence consecutive to a state sentence, although the

state court explicitly made its sentence concurrent with the federal sentence." (citing United States v. Adair, 826 F.2d 1040, 1041 (11th Cir. 1987))).  Thus, only the Middle District of Florida could have ordered Gholson's federal sentence run concurrently with the service of his state sentence.  This is true even though Gholson's state sentences had not yet been imposed.  The United States Supreme Court has held a district court has authority to order a federal sentence be consecutive to an anticipated state sentence which has not yet been entered.  Setser v. United States, 566 U.S. 231 (2012).[5]

Because the Middle District of Florida did not order Gholson's federal sentence to run concurrently with his state sentence, the sentences must run consecutively.  Ballard, 6 F.3d at 1505 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also 18 U.S.C. § 3584(a).  In fact, when the federal sentencing court was asked whether Gholson's federal sentence should run concurrently with or consecutively to his state sentences, the sentencing court responded there was nothing legally or factually before it showing Gholson was entitled to a concurrent sentence.  Doc. 8 at 14–15; Doc. 8-1 at 6, 109.  Gholson remained in primary state custody until he was transferred to federal custody on November 10, 2016, which is the date he was received in custody awaiting transportation to the official detention facility where his federal sentence would be served.  Therefore, his state sentence was served while he was in state custody, and the Florida state court's order has no influence over the operation of Gholson's federal sentence.

Gholson is not entitled to receive credit for his time in federal, secondary custody which has already been credited against his state court sentence.  And he is not entitled to credit against

---

[5] Even before Sester, the Eleventh Circuit Court of Appeals, while recognizing a split of opinions from other Circuits, held a federal court has the authority to impose a consecutive sentence to an unimposed, future state sentence.  Andrews, 330 F.3d at 1307 (citing Ballard, 6 F.3d at 1502).

his federal sentence before his federal sentence commenced. In sum, Gholson is not entitled to any additional credit against his federal sentence under § 3585. Consequently, the Court should **DENY** Gholson's Petition.[6]

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Gholson leave to appeal *in forma pauperis*. Though Gholson has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323

---

[6] Respondent raises an argument regarding *nunc pro tunc* designation, doc. 8, but the Court does not read Gholson's filings as raising such an argument in this case. See Doc. 9 at 2 (noting his "primary custody" allegation is the only issue he raises in his § 2241 petition). The Court addresses Gholson's "primary custody" argument in § I of this Report, albeit through the lens of whether the BOP properly calculated the commencement of Gholson's federal sentence or otherwise abused its discretion in calculating Gholson's sentence. Gholson did raise a *nunc pro tunc* argument with the BOP, which may be why Respondent addresses the issue. Doc. 8-1 at 104. Regardless, if Gholson had raised a challenge about the BOP's rejection of his request for *nunc pro tunc* designation here, that challenge almost certainly would have failed. See R. & R., Gholson v. Flournoy, 2:17-cv-47 (S.D. Ga. Oct. 20, 2017), ECF No. 16, pp. 16–19 (analyzing the merits of Gholson's previous *nunc pro tunc* challenge and rejecting the challenge).

(11th Cir. 2006) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Gholson's Petition and the responsive pleadings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Gholson's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Gholson leave to proceed *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

    **SO REPORTED and RECOMMENDED**, this 9th day of November, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA